UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Z. Thomas,<br>*a.k.a. Gary Zachariah Thomas*,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>John Stathakis, Assistant Public Defender,<br><br>　　　　　　　　Defendant.<br>_____ | ) C/A No. 8:12-3143-MGL-JDA<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

　　　　This is a civil action filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the Complaint should be summarily dismissed.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

　　　　Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.

1

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint indicates that Defendant John Stathakis, Assistant Public Defender for Anderson County ("Defendant"), was appointed to represent Plaintiff on state criminal charges associated with an arrest on June 7, 2012.  ECF No. 1, pages 3–4.  Plaintiff first met with the Defendant at a preliminary hearing on June 29, 2012. *Id.* at 4.  The Complaint alleges that the Defendant would not allow Plaintiff to communicate during the hearing, and failed to make necessary objections to the testimony presented. *Id.* at 4–5.  Defendant visited Plaintiff on July 2, 2012, where Plaintiff provided information about the alleged coercion of information from his wife. *Id.* at 5–7.  Plaintiff also provided his wife's contact information to the Defendant, however, as of October 22, 2012, no contact had been made with Plaintiff's wife and the Defendant had failed to make "any effort to comply with any of Plaintiff's instructions or otherwise respond to the numerous letters Plaintiff has written since July." *Id.* at 7–8.

The Complaint next alleges that the Defendant made no objections to the use of Plaintiff's wife's statements at a second preliminary hearing on July 13, 2012. *Id.* at 8.  Plaintiff further complains that the Defendant did not seek the correction of certain warrants, or inquire about information on the warrants associated with alleged prior

2

convictions. *Id.* at 9.  The Defendant then waived a preliminary hearing, without Plaintiff's consent. *Id.* at 10. Plaintiff indicates that he has filed written complaints with the County Public Defender, seeking to have Defendant dismissed as counsel, to no avail. *Id.* at 11. The Defendant has also allegedly failed to: (1) file a motion for "Plaintiff's bond to be reduced;" (2) move for suppression of evidence in the case; (3) issue a subpoena; (4) take depositions; (5) contact witnesses; and (6) prepare a reasonable defense. *Id.* at 12.  The Complaint seeks monetary damages for the Defendant's alleged violation of Plaintiff's constitutional rights. *Id.* at 15.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.  *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).  In the present action, all of the Complaint's allegations are associated with the Defendant Public Defender's representation of Plaintiff in state criminal proceedings.  Thus, Plaintiff sues a Defendant who is not considered a "state-actor" amenable to suit under § 1983.  At best, Plaintiff's claims may state a cause of action for negligence, or legal malpractice, which are not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 336 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir.

3

1995)("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Therefore, the instant Complaint is subject to summary dismissal.

## RECOMMENDATION

It is recommended that the Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

January 10, 2013  s/ Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).